———o-o-o———

## UNITED STATES SUPREME COURT.

### ROSSITER AND MIGNOT agt. HALL.

The *photographing* a copy-right engraving, is an infringement of the copy-right laws of the United States (*Act of* 1831, §§ 1, 7), and will be restrained by injunction.

*United States Circuit Court, Eastern District of New York.*

MOTION of plaintiffs for an injunction to restrain the defendant from making and selling photographic copies of their copyright engraving "Home of Washington." It appeared that the copyright of the engraving was secured in 1863, and that the defendant within a few months past, had made negatives of the engraving, and printed therefrom numerous copies of the engraving, and of parts thereof, of various sizes; and that this suit was brought immediately on John McClure, the publisher of the engraving, discovering the photographs in the market.

CHARLES TRACY, *for the plaintiffs,*

cited *Martin* agt. *Wright* (6 *Simons*, 297) ; 8 *George II, ch.* 13 ; 7 *George III, ch.* 38 ; 17 *George III, ch.* 57 ; *Gambert* agt. *Ball* (14 *C. B. N. S.* 306, 317, 318) ; *Lloyd* agt. *Ashford* (9 *Solicitor's Journal,* 253) ; *Curtis on Copyright,* 16 ; *Keene* ,agt. *Wheatley* (9 *Am. Law Reg.* 44, 77, 78, 80, 93) ; *Coryton*

*on Patents,* 93, 94; *Act of Congress* 1831, *ch.* 16; *Act of Congress* 1865, *ch.* 126.

IRA D. WARREN, *for defendant,*

cited *Wood* agt. *Abbott* (*New York Times, July* 12, 1866); *Acts of* 1831 *and* 1865.

*By the court,* BENEDICT, J. This case comes before me upon a motion for an injunction to restrain the defendant from producing and selling photographs of an engraving known as "The Home of Washington." The papers read show that the engraving in question is a duly copyrighted engraving, owned by the complainants, and that the defendant, by the photographic process, has produced a negative representation of this engraving, from which he prints photographs of it in various sizes, and is disposing of the same without the consent of the complainants. This the defendant claims the right to do, upon the ground that the copyright laws do not forbid making photographs of copyrighted engravings.

The act of 1831, in the first section, declares that any person who shall invent, design, etch, engrave, work or cause to be engraved, etched or worked from his own design, any print or engraving, shall have the sole right and liberty of printing, reprinting, publishing and vending such print, cut or engraving, in whole or in part; and in the seventh section it declares that if any person shall engrave, etch or work, sell or *copy,* or cause to be engraved, etched, worked, sold or *copied,* either on the whole, or by varying, adding to or diminishing the main design, with intent to evade the law, such offender shall forfeit the plate on which such engraving, cut or print, shall be copied, and shall further forfeit one dollar for every sheet of such print, cut or engraving, which may be found in his possession.

The argument of the defendant is, that the exclusive privilege given by the first section of the act, does not include that of photographing the copyrighted engraving, because

that is not a "printing or reprinting," and that the general words of the seventh section cannot be held to forbid in others what has not been exclusively reserved to the author by the words of the first section; and further, that photographing could not have been within the intent of the lawmaker, as the art of photography had not been discovered when the act was passed. In support of such construction the decision of Judge SHIPMAN in the case of *Wood* agt. *Abbott* is cited.

I cannot agree to the construction of the act which he contends for. In my opinion sections one and seven should be read together; and so taken, the words used disclose a clear intent to protect a copyrighted work from such a mode of duplication as is practiced by the defendant. Section seven provides that any person who shall engrave, etch or work, or sell or copy the engraving, shall be an offender. The word *copy*, is a general term added to the more specific terms before used, for the very purpose of covering methods of reproduction not included in the words engrave, etch or work, and if it covers anything, should cover the photographic method, which more nearly than any other, produces a perfect copy. This construction of the American act is sustained by the construction given by the English courts to the British act, which contains the word copy, used in a similar connection. Hence in *Gambtel* agt. *Ball* (14 *C. B. N. S.* 306), where the question was whether the copyright of the engraving of Rosa Bonheur's "Horse Fair," was infringed by photographing it. EARL, C. J., says: "Is a representation of the print by photography a manner of copying? To that I answer in the affirmative." And the three other judges express the same opinion.

Indeed, to hold otherwise would work a substantial repeal of the copyright laws in many cases. For not only engravings, but books may be reproduced by the photographer, and under the construction claimed by this defendant, authors and publishers would be in no way protected against such reproduction of their works, while the art has been carried to such perfection that the photographic copies of cer-

Rossiter agt. Hall.

tain classes of engravings, which can be produced at a trifling cost, are, for the purpose of trade, nearly or quite equal to originals. It needs but an allusion to the amendment to the copyright law of 1831, passed in 1865, to dispel any doubt as to the proper construction of the act. This amendment was passed in order to protect original photographs, which were supposed not to be embraced by the words print, cut or engraving, used in the act of 1831. In order to accomplish that, it simply provides that the provisions of the act of 1831 " shall extend to and include photographs and the negatives thereof, which shall hereafter be made, and shall inure to the benefit of the authors of the same, in the same manner, and to the same extent, and upon the same conditions, as to the authors of prints and engravings." But it does not add the word photograph, to the words used in the seventh section. If, then, the word copy, does not cover the photographic process, photographs can with impunity be reproduced by the only method ever likely to be resorted to for the purpose, and the amendment gives them no protection at all. The construction I have given to the act of 1831, is necessary to render of any beneficial effect the amendment of 1865.

This conclusion is simply consistent with the construction given to the act of 1831, in the decision of Judge SHIPMAN, cited by the defendant. What Judge SHIPMAN decided in that case was, that previous to the amendment of 1865 a photograph could not be the subject of a copyright, as it was not a print, cut or engraving, within the meaning of the first section of the act of 1831. The learned judge did not decide or discuss the question whether the word copy, in the seventh section, includes photographic copies, which is the question here. Another point taken by the defendant should also be noticed, which is that the complainants' engraving did not have upon it the information that it was a copyright, required by the fifth section " to be impressed on the face thereof."

It appears that the usual legal memorandum of copyright was in this case in engraved letters placed some three inches

below the picture itself, and printed with the picture from the plate. The affidavit of Mr. Knoedler shows that the notice would be seen in the margin of the print when properly framed, and that it was placed in the usual position.

The defendant claims that the words of the act "impressed on the face thereof," require the notice to be placed on the picture itself, instead of on the margin. But I think that when the required notice is plainly engraved on the plate from which the print is taken, within the line of a reasonable margin, and where it would not be covered when properly framed, it is impressed on the face within the meaning of the act.

It seems, therefore, quite clear that the defendant is infringing upon the complainants' copyright, and I must grant the motion for an injunction to restrain him.